IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:05-CR-65-FL-1
NO. 7:12-CV-271-FL

| | |
|---|---|
| DON KEITH LOCKLEAR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter comes before the court on petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (DE # 41). On November 20, 2012, the government filed a response in support of the motion, waiving its statute of limitations defense, and stating that it does not oppose vacating petitioner's conviction and sentence as to count two. (DE # 49).

On July 6, 2005, petitioner was charged in a two-count criminal information. Count one charged crack distribution conspiracy in violation of 21 U.S.C. §§ 841(a)(1) and 846. Count two charged petitioner with possession of a firearm by felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924. Petitioner pled guilty pursuant to a plea agreement to the two count criminal information. On November 16, 2005, petitioner was sentenced to 168 months imprisonment on count one, and 120 months on count two, to be served concurrently, producing a total term of imprisonment of 168 months. On July 1, 2009, the court granted a motion to reduce sentence pursuant to sentencing guidelines amendments, and petitioner's sentence was reduced to 135 months imprisonment on count one.

Petitioner now argues, and the government agrees, that in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), petitioner does not have a predicate felony offense to support his count two conviction of felon in possession of a firearm. Petitioner therefore requests that the court vacate his conviction and sentence in count two in light of Simmons.

Where the government waives defenses to vacating the conviction on count two, and where the court upon review of the record finds that, in light of Simmons, petitioner does not have a predicate felony to support the crime of conviction in count two, the court ALLOWS petitioner's § 2255 motion to vacate, as follows. The court VACATES petitioner's judgment of conviction in count two for felon in possession of a firearm and VACATES his sentence as to count two. All other terms and conditions of petitioner's sentence as to count one remain the same.

SO ORDERED, this the 14th day of February, 2013.

LOUISE W. FLANAGAN
United States District Judge